**In the Matter of FASANO/HARRISS PIE CO., Walter E. Heller & Company, and Richard C. Remes, Trustee, Plaintiff-Appellee,**

v.

**FOOD MARKETING ASSOCIATES, LTD., Defendant-Appellant.**

**Bankruptcy No. HK 82–01553.
Adv. No. 82–0996.**

United States District Court,
W.D. Michigan, S.D.

Jan. 28, 1987.

---

See also, 43 B.R. 871.

Larry Ver Merris, Grand Rapids, Mich., for plaintiff-appellee.

Douglas R. Beach, Kaveney, Beach, Russell, Bond & Mittleman, Clayton, Mo., Lawrence J. Fleming, London, Greenberg & Pleban, St. Louis, Mo., Robert D. Mollhagen, Kalamazoo, Mich., for defendant-appellant.

## OPINION

BENJAMIN F. GIBSON, District Judge.

This matter is before the Court on appeal from the decision of the United States Bankruptcy Court for the Western District of Michigan. In the proceedings below Walter Heller, a secured creditor of the debtor, Fasano/Harris Pie Company ("Fasano/Harriss"), and Richard Remes, the trustee in bankruptcy, brought an action against Food Marketing Associates, Ltd. ("FMA"), appellant, to recover amounts owed for frozen pies allegedly sold by the debtor to FMA. Although plaintiffs originally sued on a contract and account stated theory, the bankruptcy court denied relief on that basis and rendered judgment for the plaintiffs on a quasi-contract or restitution theory. The defendant, FMA, appeals from the October 10, 1984, Order of the bankruptcy court. 43 B.R. 864. After reviewing the record and hearing oral argument from the parties, the Court finds, for the reasons stated below, that the decision of the bankruptcy court must be affirmed.[1]

On review of a determination of a bankruptcy court, the district court cannot disturb or set aside the bankruptcy court's findings of fact unless they are clearly erroneous. *CLE–Ware Industries, Inc. v. Sokolsky,* 493 F.2d 863 (6th Cir.1974); *In re Johnson,* 10 B.R. 322 (W.D.Mich.1981). The district court is not bound by the bankruptcy court's conclusions of law, but is free to make an independent examination of any questions of law or mixed questions of law and fact. *Matter of Lake in the Woods,* 10 B.R. 338 (E.D.Mich.1981).

---

1. The facts of this case are set out in detail in the opinion of the bankruptcy court as reported in *In the Matter of Fasano/Harriss Pie Co.,* 43 B.R. 864 (W.D.Mich.1984). For purposes of this appeal, the factual findings of the bankruptcy judge are accepted as true unless clearly erroneous.

■ The appellant raises several arguments on appeal. The first argument involves a question of law and procedure. The appellant argues that the bankruptcy court erred in finding that FMA was liable to Fasano/Harriss and to the secured creditor Heller on a quasi-contract or restitution theory. Specifically, appellant argues that because the quasi-contract theory was not pled the court erred in granting relief on those grounds.[2] This argument must be rejected. Federal Rule of Civil Procedure 54(c) expressly provides that the court is not limited to granting judgment only on those claims pled by the parties. The court may grant any relief to which the party is entitled. Thus, even though the plaintiff below may have stated an express contract cause of action, a judgment based on a quasi-contract theory is proper if supported by the evidence. Federal Rule 54(c) has been adopted by the bankruptcy courts in adversarial proceedings. *Federico v. New Bedford,* 723 F.2d 122, 126 (1st Cir.1983); Bankr.R. 7054. The record provides sufficient evidence to support the judgment on quasi-contract grounds. It is undisputed that FMA sold the pies in question. It is likewise undisputed that FMA did not pay Fasano/Harriss for the pies. The fact that a quasi-contract theory was not pled is not controlling. The fact that the nature of the cause of action changed from an express contract action to an equitable one is likewise no bar to recovery. The Court finds that the bankruptcy court was correct in awarding judgment on a quasi-contract or restitution theory.

■ The appellant's second argument is that the bankruptcy court erred in awarding damages on a quasi-contract theory because the court found the existence of an express contractual agreement between Fasano/Harriss and Fasano Pie Company. The appellant argues that an express con-

tract and an implied contract cannot cover the same subject matter. The bankruptcy court, however, found neither an express contract nor an implied contract which covered payment for the sale of the pies. The court found an independent contractual relationship existed between Fasano/Harriss and Fasano Pie Company, but did not find an express agreement which obligated Fasano Pie Company to pay for the pies received and subsequently sold by FMA. Thus, the court did not err in finding FMA liable for payment on *equitable* grounds.

■ The third argument advanced by the appellant challenges the bankruptcy court's finding that the measure of damages owed appellee was the value of the pies on April 22, 1982—$26,088.41. Appellant argues that the court's finding was unsupported by the record and that the correct measure of damages should have been no more than $18,716.16, the price at which the pies were eventually sold. A review of the record reveals that the bankruptcy court had sufficient evidence with which to support its finding. The appellant itself invoiced the pies at $26,088.41. The court found that since FMA retained custody of the pies and control of their sale at a time they knew or should have know the pies belonged to Fasano/Harriss, they were chargeable with their value at the time of their receipt. The record further reveals that FMA made no attempt to locate an independent purchaser who was willing to pay the full value of the pies on April 22, 1982. There is sufficient evidence to support both the finding that FMA unnecessarily retained control of the pies at a time when they should have been returned to Fasano/Harriss. As a result of these actions Fasano/Harriss was prevented from selling the pies in the open market in April of 1982. Although it is undisputed that the appel-

2. The appellant also argues that the decision of the bankruptcy court to allow recovery on a quasi-contract theory was error because at the time the transactions occurred Heller was only entitled to accounts receivables and thus lacked standing to assert a quasi-contract claim. This argument is without merit. The trustee in bankruptcy was also a party to this action with full authority to assert any claims of the debtor Fasano/Harriss. Whether Heller is the proper party to receive the money awarded is irrelevant to a determination of appellant's liability. Any objections to Heller's receipt of the funds awarded is an issue between the creditors of Fasano/Harriss whose interests are presumed to be adequately represented by the trustee.

lant only received $18,716.16, and under normal circumstances any recovery for unjust enrichment would be limited to that amount, in light of the court's finding that FMA's delay resulted in a detriment to Fasano/Harriss, this Court cannot say that the amount of damages awarded is clearly inappropriate.

■ Finally, the appellant argues that the court erred in refusing to allow FMA to off set its debt to Fasano/Harriss with an outstanding debt owed FMA by Fasano Pie Company. The allowance of the off set necessarily rested on whether the court found Fasano Pie Company to be an agent of Fasano/Harriss. Whether the relationship between the two companies was one of agency is a fact question. *Caldwell v. Cleveland-Cliffs Iron Co.*, 111 Mich.App. 721, 315 N.W.2d 186 (1981). The party asserting agency has the burden of proof. The court found that there was insufficient evidence to establish the existence of an agency relationship between Fasano/Harriss and Fasano Pie Company. The record supports this factual finding and consequently the bankruptcy court's decision must be sustained.

In conclusion, the Court finds that the bankruptcy judge's findings of fact on all issues were not clearly erroneous and are therefore sustained. In addition, under the Federal Rules of Civil Procedure which have been incorporated into the Bankruptcy Rules, the bankruptcy judge was not bound by the pleadings of the parties and properly granted the relief to which the party was entitled. The decision of the bankruptcy court is affirmed.